UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RODNEY MCFARLAND,

      Petitioner,

-vs-

ROBERT A. KIRKPATRICK,

      Respondent.

**ORDER**

No. 08-CV-0065(M)

---

    This petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254, is currently stayed pending petitioner's exhaustion of his state judicial remedies with respect to the following claims raised in the petition: ¶ 22A, "Brady Violation-Prosecutorial Misconduct: Statement of Niecye McWilliams; ¶ 22F, "Newly Discovered Evidence;" Affidavit of Turemail McCullough; and ¶ 22G, "Ineffective Assistance of Counsel." [7][1]. Petitioner was advised that as a condition of the stay he had to commence state judicial proceedings within 30 days of the Order and return to this Court within 30 days of the completion of any state judicial proceedings commenced. Id. The stay has been continued based on the pendency of petitioner's state court motion to vacate his petition, pursuant to N.Y. Crim.Proc. L., §440.10, and petitioner has been directed to advise the Court periodically of the status of that motion [8, 15, and 17].

    On July 22, 2013, petitioner's counsel on the state court motion submitted a letter to the Court [18] noting that on July 5, 2013, the Appellate Division, Fourth Department had affirmed the denial of petitioner's ineffective assistance of counsel claim and reversed the

---

[1]   References are to CM/ECF docket entries.

denial of petitioner's newly discovered evidence claim and remanded the matter back to New York State Supreme Court for a hearing on that issue. People v. McFarland, A.D.3d, 2013 WL 3359280 (4th Dept. 2013). A hearing was initially scheduled for July 22, 2013, and petitioner has submitted an application for a certificate granting leave to appeal to the New York Court of Appeals seeking leave to appeal the denial of the ineffective assistance of counsel claim. Counsel indicates that a determination on the application may take anywhere between 2 to 6 months.

Due to the pendency of the application for leave to appeal and the remand to the trial court for a hearing, the Court finds that the stay-and-abeyance should continue and petitioner is directed to advise the Court in writing no later than **October 1, 2013** of the status of both the hearing on the newly discovered evidence claim and the application for leave to appeal from the denial of the ineffective assistance claim. If a determination on either the hearing or application is issued sooner than October 1, 2013, petition shall so notify the Court immediately upon receipt of any such determination.

If petitioner does not respond to his Order as directed, the three unexhausted claims that were dismissed without prejudice will remain dismissed without prejudice and petitioner may later be barred from bringing them again, either in this matter or a later filed petition for a writ of habeas corpus, either because they may be untimely, *see* 28 U.S.C. §2244(d)(1), or because of the gate-keeping rules regarding successive or second petitions for habeas corpus relief. *See* 28 U.S.C. §2244(b).

In order to advise respondent of the status of the stay of the instant petition, the Clerk of the Court is directed to forward a copy of this Order electronically via a Notice of

denial of petitioner's newly discovered evidence claim and remanded the matter back to New York State Supreme Court for a hearing on that issue. People v. McFarland, A.D.3d, 2013 WL 3359280 (4th Dept. 2013). A hearing was initially scheduled for July 22, 2013, and petitioner has submitted an application for a certificate granting leave to appeal to the New York Court of Appeals seeking leave to appeal the denial of the ineffective assistance of counsel claim. Counsel indicates that a determination on the application may take anywhere between 2 to 6 months.

Due to the pendency of the application for leave to appeal and the remand to the trial court for a hearing, the Court finds that the stay-and-abeyance should continue and petitioner is directed to advise the Court in writing no later than **October 1, 2013** of the status of both the hearing on the newly discovered evidence claim and the application for leave to appeal from the denial of the ineffective assistance claim. If a determination on either the hearing or application is issued sooner than October 1, 2013, petition shall so notify the Court immediately upon receipt of any such determination.

If petitioner does not respond to his Order as directed, the three unexhausted claims that were dismissed without prejudice will remain dismissed without prejudice and petitioner may later be barred from bringing them again, either in this matter or a later filed petition for a writ of habeas corpus, either because they may be untimely, *see* 28 U.S.C. §2244(d)(1), or because of the gate-keeping rules regarding successive or second petitions for habeas corpus relief. *See* 28 U.S.C. §2244(b).

In order to advise respondent of the status of the stay of the instant petition, the Clerk of the Court is directed to forward a copy of this Order electronically via a Notice of

Electronic Filing to Alyson Gill <Alyson.Gill@ag.ny.gov> and Arlene.Roces@ag.ny.gov> of the Office of the Attorney General, Federal Habeas Unit.

**SO ORDERED.**

Dated: July 29, 2013

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge