UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| RODNEY MCFARLAND, | 08-CV-65-LJV-MJR |
| Petitioner, | REPORT AND RECOMMENDATION |
| -v- | |
| ROBERT A. KIRKPATRICK, | |
| Respondent. | |

_____

This case has been referred to the undersigned pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon dispositive motions. (Dkt. No. 37).

## **BACKGROUND**

On January 24, 2008, *pro se* petitioner Rodney McFarland filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 challenging his conviction in New York State Supreme Court, Monroe County of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. (Dkt. No. 1 ¶¶1-4). The petition contains both exhausted and unexhausted claims. By Order dated August 22, 2008, the Court stayed the petition pending petitioner's exhaustion of his state judicial remedies. (Dkt. No. 7). As a condition of the stay, petitioner was advised that he had to commence state court judicial proceedings within thirty days of the filing of the Order and return to this Court within thirty days of the completion of his effort to exhaust. (*Id.*). Earlier this year, the Court continued the stay based on the pendency of petitioner's appeal to the New York State Supreme Court, Appellate Division of the trial court order denying his N.Y. Criminal Procedure Law §440.10 motion to vacate his judgment of conviction. (*See* Dkt. Nos. 43, 44).

By Order dated May 15, 2017, the Court directed petitioner to advise it of the status of his appeal to the Appellate Division. (Dkt. No. 45). The Court mailed a copy of its Order to petitioner at Wende Correctional Facility, the address listed for him on the docket at the time. (*See id.*). On May 30, 2017, the envelope containing the Order was returned to the Court on the ground that petitioner had been "released." (Dkt. No. 46). The Court thereafter reviewed the Appellate Division's list of decisions and located a Memorandum and Order, dated March 24, 2017, deciding petitioner's appeal of the trial court order denying his §440.10 motion. *See People v. McFarland*, 148 A.D.3d 1556 (4th Dep't 2017). In its Memorandum and Order, the Appellate Division reversed the trial court order denying petitioner's §440.10 motion, granted petitioner's motion, vacated petitioner's judgment of conviction, and remitted the matter to the trial court for further proceedings on the indictment. (*See id.*).

On June 12, 2017, the Court issued an Order to Show Cause directing petitioner to explain why his petition should not be dismissed as moot in light of the Appellate Division having vacated his judgment of conviction. (*See* Dkt. No. 47). By letter dated July 11, 2017, petitioner's state court counsel, Catherine H. Josh, confirmed that the Appellate Division had vacated petitioner's judgment of conviction and that petitioner "is no longer in custody pursuant to the judgment of a State Court pursuant to 28 U.S.C. [§]2254(a)." (Dkt. No. 51). Ms. Josh further states that the New York State Court of Appeals denied the State's application for leave to appeal,[1] and that petitioner is scheduled to be re-tried in New York State Supreme Court, Monroe County in December

---

[1] *See People v. McFarland*, 2017 N.Y. Slip Op. 98380(U) (June 28, 2017).

2017. (*Id.*). Ms. Josh does not set forth any basis for why the petition should not be dismissed as moot.

Respondent has submitted a memorandum of law requesting that the petition be dismissed as moot. (Dkt. No. 49).

## DISCUSSION

Under 28 U.S.C. §2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Here, petitioner is no longer in custody pursuant to the judgment of a State court because the Appellate Division vacated his judgment of conviction. The Court cannot grant petitioner any relief at this juncture because the Appellate Division has already granted him the relief he seeks herein. Therefore, the petition is moot and should be dismissed. *See Cumbo v. Eyman*, 409 F.2d 400, 400 (9th Cir. 1969) (habeas proceeding mooted by reversal of state court conviction); *Fisher v. Superintendent*, No. 12 Civ. 6703(JPO), 2014 WL 128015, at *7 & n.7, *23 (S.D.N.Y. Jan. 14, 2014) (claims in habeas petition mooted by Appellate Division order reversing conviction); *Rodriguez v. LeFevre*, No. 89 CIV. 1921 (TPG), 1990 WL 33564, at *1 (S.D.N.Y. Mar. 23, 1990) (habeas petition mooted by Appellate Division order vacating state court conviction).

## CONCLUSION

For the foregoing reasons, it is recommended that the petition (Dkt. No. 1) be dismissed as moot.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by the Hon. Lawrence J. Vilardo, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection***.

A copy of this Report and Recommendation has been mailed to petitioner at the Monroe County Jail, 130 South Plymouth Avenue, Rochester, New York 14614 and to

petitioner's state court counsel, Catherine H. Josh, at 45 Exchange Blvd., Ste. 915, Rochester, New York 14614.

**SO ORDERED.**

DATED: August 14, 2017
Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge